NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| Joseph BARRETT, | : |
| Plaintiff, | : Civil No. 18-14872 (RBK/AMD) |
| v. | : |
| | : **ORDER** |
| TRI-COAST PHARMACY, INC and Kevin O'CONNELL, et al. | : |
| Defendants. | : |

**KUGLER**, United States District Judge:

    **THIS MATTER** having come before the Court on Plaintiff Joseph Barrett's motion for default judgment (Doc. No. 8); and

    **THE COURT NOTING** that "federal courts have an ever-present obligation to satisfy themselves of their subject-matter jurisdiction and to decide the issue *sua sponte*," *Liberty Mut. Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir. 1995); and

    **THE COURT NOTING** that the Complaint invokes 28 U.S.C. § 1332 in support of federal subject matter jurisdiction (Doc. No. 1); and

    **THE COURT NOTING** that Plaintiff alleges that he is an "individual residing at 16 Hilltop Lane, Egg Harbor, New Jersey 08234" (*id.* at ¶ 1); and

    **THE COURT NOTING** that Plaintiff alleges that Defendant Tri-Coast Pharmacy, Inc. is "a corporation organized and existing under the laws of the State of Florida" and that "operated at 14125 US Highway 1, Juno Beach, FL 33408" (*id.* at ¶¶ 2, 3); and

**THE COURT NOTING** that Plaintiff alleges that Defendant Kevin O'Connell is an "individual and licensed pharmacist who upon information and belief currently resides at 16 Cottage Drive, Murrells Inlet, SC 29576" (*id.* at ¶ 5); and

**THE COURT NOTING** that based on the above allegations, Plaintiff alleges that diversity jurisdiction exists "because the Plaintiff is a resident of a different state from the defendants and because the value of the matter in controversy exceeds $75,000.00" (*id.* at 1); and

**THE COURT NOTING** that for the purposes of diversity jurisdiction, the **citizenship** of each party must be alleged specifically, *see Hodgson v. Bowerbank*, 9 U.S. 303, 304 (1809); and

**THE COURT NOTING** that "where jurisdiction depends upon the citizenship of the parties, such citizenship . . . should be **distinctly and positively** averred in the pleadings, or they should appear affirmatively and with equal distinctness in other parts of the record," *Grace v. Am. Cent. Ins. Co. of St. Lewis*, 109 U.S. 278, 284 (1883) (emphasis added); and

**THE COURT NOTING** that "a corporation shall be deemed to be a citizen of any State by which it has been **incorporated and** of the State where it has **its principal place of business**," 28 U.S.C. § 1332(c)(1) (emphasis added); and

**THE COURT NOTING** that allegations of corporate citizenship must include the state where the corporation has **its** principal place of business, and allegations of **a** principal place of business are insufficient, *see Hunt v. Acromed Corp.*, 961 F.2d 1079 (3d Cir. 1992); and

**THE COURT NOTING** that diversity jurisdiction under 28 U.S.C. § 1332 requires "complete diversity between all plaintiffs and all defendants," *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); and

**THE COURT FINDING** that the Plaintiff fails to properly allege the citizenship of all parties and thus, that the Court has diversity jurisdiction over this action; and

**IT IS HEREBY ORDERED** that Plaintiff file an Amended Complaint on or before September 5, 2019 properly alleging the citizenship of every party and that diversity of citizenship exists under pain of dismissal for lack of subject matter jurisdiction; and

**IT IS FURTHER ORDERED** that Plaintiff's motion for default judgment is **DENIED AS MOOT**, without prejudice to Plaintiff to re-file the motion.

Dated: 8/22/2019

s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge